UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODNEY A. SWOPE, | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| THE NORTUMBERLAND NATIONAL | : | |
| BANK and J. TODD TROXELL, | : | CASE 4:13-CV-02257-MWB-MCC |
| Individually and in his official capacity as | : | |
| Senior Vice President of Lending and | : | |
| Loan Administration for | : | |
| The Northumberland National Bank, and | : | |
| JOHN DOES 1-10, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANT NORTHUMBERLAND NATIONAL BANK AND J. TODD TROXELL'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

AND NOW, comes Defendants Northumberland National Bank and J. Todd

Troxell, by and through their counsel, Marshall, Dennehey, Warner, Coleman &

Goggin and Donald L. Carmelite, Esquire, and file this Motion to Dismiss

Plaintiff's First Amended Complaint and in support thereof aver the following:

1.      Plaintiff initiated this matter on August 29, 2013 by way of Complaint

(Doc. 1).

2.      Moving Defendants filed a Motion to Dismiss Plaintiff's Complaint on

October 7, 2013 (Doc. 3) and Brief in Support on October 18, 2013 (Doc. 8).

3.      On November 15, 2013, Plaintiff filed an Amended Complaint (Doc.

11).

4.      The Court, on November 21, 2013, ordered Moving Defendants to file

a response to Plaintiff's First Amended Complaint by December 13, 2013 (Doc.

12), and as such, this Motion is timely.

5.      Plaintiff's First Amended Complaint asserts civil rights and tort claims

along with a statutory Unfair Trade Practice and Consumer Protection Law claim

against Moving Defendants.

6.      Specifically, those claims asserted against Defendants are as follows:

a.      Section 1983 claim for violation of Plaintiff's Fourteenth

Amendment procedural and substantive due process rights (Count I);

b.      Negligence (Count II);

     c.     Abuse of Process (Count III);

     d.     Monell Liability  (Count IV);

     e.     Unfair Trade Practices Consumer Protection Law (Count

V).

    7.     Plaintiff seeks compensatory and punitive damages, attorney's fees, costs and interest along with injunctive relief requiring monitoring and training. See Plaintiff's First Amended Complaint (Doc. 11).

    8.     This matter arises from Defendant Northumberland National Bank's Civil Action in Mortgage Foreclosure taken against Plaintiff on November 3, 2008. See Action in Mortgage Foreclosure Complaint attached hereto as Exhibit "A".

    9.     The Snyder County Sheriff properly served Plaintiff with the Complaint.  See Snyder County Sheriff's return attached hereto as Exhibit "B".

    10.     Plaintiff failed to timely respond to the Complaint and, as such, Defendant Northumberland National Bank provided Plaintiff with Notice of Intent to take a default.  See Important Notice with Certificate of Mailing attached hereto as Exhibit "C".

    11.     Plaintiff failed to respond to the Important Notice and on December 23, 2008, Defendant Northumberland National Bank filed a Praecipe for Entry of

Default Judgment.  See Praecipe for Entry of Default Judgment attached hereto as Exhibit "D".

12.    On December 23, 2008, the Snyder County Prothonotary entered judgment against Plaintiff in the amount of $107,552.71, plus costs and interest from the date of judgment.

13.    On January 9, 2009, Defendant Northumberland National Bank filed a Praecipe for Writ for Execution in the amount of $109,902.61.  See Praecipe for Writ of Execution attached hereto as Exhibit "E".

14.    The Snyder County Sheriff's Office served the Writ of Execution on Plaintiff.  See Snyder County Sheriff's Return attached hereto as Exhibit "F".

15.    On January 29, 2009, Defendant Northumberland National Bank provided Plaintiff notice that the Snyder County Sheriff intended to conduct a Sheriff's Sale to sell the Property on Friday, April 17, 2009 at 1:30 PM.  See Affidavit of Service attached hereto as Exhibit "G".

16.    The April 17, 2009 Sheriff's Sale was continued until July 24, 2009.

17.    Plaintiff filed the first of his three post-default judgment Chapter 13 bankruptcies on July 17, 2009.  See docket entries for case number 1:09-BK-05484-MDF attached hereto as Exhibit "H".

18.    Plaintiff filed the second and third bankruptcies post default judgment on July 15, 2010 and July 11, 2012.  See bankruptcy docket entry 1:10-BK-05761-MDF and 1:12-BK-04075-MDF attached hereto as Exhibits "I" and "J", respectively.

19.    None of Plaintiff's three bankruptcies were ever discharged, rather all were dismissed or were withdrawn.  Through the pendency of each bankruptcy, Plaintiff sought an automatic stay of the foreclosure process.  See docket entries attached as Exhibits "H", "I" and "J".

20.    Following the dismissal and withdrawal of Plaintiff's third bankruptcy proceeding, on December 21, 2012, Defendant Northumberland National Bank filed a Praecipe for Reissue of Writ of Execution in the amount of $115,869.57.  See Praecipe for Reissue of Writ of Execution attached hereto as Exhibit "K".

21.    On December 21, 2012, Defendant Northumberland National Bank filed an Affidavit of Service of the Reissue of Writ of Execution, indicating service was provided to Plaintiff, among others.  See Affidavit pursuant to Rule 3129.1 attached hereto as Exhibit "L".

22.    On December 21, 2012, the Snyder County Prothonotary's Office reissued a Writ of Execution in the amount of $115,869.57.  See reissued Writ of Execution attached hereto as Exhibit "M".

23.    On February 14, 2013, Defendant Northumberland National Bank filed an Affidavit of Service providing notice to Plaintiff, among others, of the intended Sheriff's Sale to occur on March 22, 2013.  See Affidavit of Service attached hereto as Exhibit "N".

24.    On February 15, 2013, the Snyder County Sheriff's Office filed a Snyder County Sheriff's return certifying service of the reissued Writ of Execution on Plaintiff.  See Snyder County Sheriff's Return attached hereto as Exhibit "O".

25.    On April 4, 2013, Defendant Northumberland National Bank filed an Affidavit of Non-Military Service indicating that Plaintiff was not a member of the United States Military.  See Affidavit of Non-Military Service attached hereto as Exhibit "P".

26.    On April 30, 2013, the Snyder County Sheriff filed a Snyder County Sheriff's Return certifying that the Sheriff's Sale was properly executed and that the property was sold for $27,000.00.  See Snyder County Sheriff's Return attached hereto as Exhibit "Q".

27.     Moving Defendants did not violate Plaintiff's United States Constitution Procedural Due Process rights.

28.     Moving Defendants did not violate Plaintiff's United States Constitution Substantive Due Process rights.

29.     Plaintiff failed to plead any facts supporting a viable Monell claim against Defendants.  Monell v. Dept. of Social Serv., 436 U.S. 658 (1978).

30.     Defendant's actions were not negligent.

31.     Defendants did not abuse the mortgage foreclosure process.  Rosen v. Teroso Petroleum Corp., 399 Pa. Super. 226, 236, 582 A.2d 27, 32 (1990), alloc. denied, 527 Pa. 636, 592 A.2d 1303 (1991).

32.     Moving Defendants did not violate the Unfair Trade Practices Consumer Protection Law.  73 P.S. §201-1, et seq. (2013).

33.     For the reason more fully set forth in the Brief in Support of Defendant's Motion to Dismiss, which will be filed consistent with the Federal Rules of Civil Procedure and incorporated herein by reference, Plaintiff's Complaint against Defendants Northumberland National Bank and J. Todd Troxell must be dismissed with prejudice.

WHEREFORE, Northumberland National Bank and J. Todd Troxell respectfully request this Honorable Court grant their Motion to Dismiss and dismiss Plaintiff's claims with prejudice.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

*Donald L. Carmelite*
Donald L. Carmelite, Esquire
I.D. No. 84730
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3504

05/1139815.v1

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2013, a true and correct

copy of the foregoing Motion to Dismiss was served via electronic mail, on the

following counsel of record:

Matthew B. Weisberg, Esquire
Weisberg Law, PC
7 South Morton Avenue
Morton, PA  19070

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

*Donald L. Carmelite*
Donald L. Carmelite, Esquire
I.D. No. 84730
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3504