## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODNEY A. SWOPE,** | : | **Civil No. 4:13-CV-2257** |
| | : | |
| **Plaintiff** | : | **(Judge Brann)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **THE NORTHUMBERLAND** | : | |
| **NATIONAL BANK,** | : | |
| **J. TODD TROXELL, individually** | : | |
| **and in his official capacity as** | : | |
| **Senior Vice President for Lending** | : | |
| **and Loan Administration for the** | : | |
| **Northumberland National Bank,** | : | |
| **and JOHN DOES 1-10,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

In this case, the Court has been invited into a long-standing dispute between a defaulted borrower and the bank that sold his home in foreclosure proceedings that were duly authorized under Pennsylvania law.  The plaintiff, Rodney Swope, has alleged that the Northumberland National Bank, a Pennsylvania corporation, engaged in a variety of unlawful conduct during this foreclosure process by, *inter alia*, unilaterally increasing the judgment claimed to be owed, refusing to accept a

judgment payoff that the plaintiff timely offered, and causing the Sheriff of Snyder County, Pennsylvania to sell the plaintiff's home through a foreclosure sale. (Doc. 11, Am. Compl)

Although the complaint is short on factual allegations and long on legal conclusions, the plaintiff generally asserts that these alleged acts or omissions were part of an overarching custom, policy or practice of the bank "to unlawfully increase judgment amounts without adjudication and force Sheriff's Sales despite opportunity towards, at least, judgment pay off, under color State law [sic], including by and through a failure to train, supervise, otherwise abide due process and the law." (Id. ¶ 16.) The plaintiff has endeavored to claim that these asserted unlawful acts amount to violations of the United States Constitution and Pennsylvania state law.

The defendants have moved to dismiss the amended complaint, and have argued a number of substantive legal points that they contend compels judgment in their favor. Although the parties quarrel about a number of factual and legal matters, we believe that these matters are secondary to a central flaw in this action: the plaintiff has failed to allege facts that plausibly show that the named defendants constitute state actors, and thus all of his federal claims are fatally flawed. Because the plaintiff's federal claims fail as a matter of law, and because numerous courts have on very similar facts rejected claims by plaintiffs that banks and their officers

who are involved in foreclosure proceedings constitute "state actors", we will recommend that the plaintiff's federal claims be dismissed. Moreover, we will recommend that the Court decline to exercise supplemental jurisdiction in this case, which involves issues of state law arising out of a dispute between a bank and a defaulted borrower that has already been through the state courts.

## II.   **BACKGROUND**

This action arises out of Northumberland National Bank's civil action in mortgage foreclosure that was taken against the plaintiff on November 3, 2008, in the Snyder County Court of Common Pleas.[1] (Doc. 15, Ex. A) The plaintiff was served with notice of the action, but failed to timely respond. The bank, in turn, moved in state court for entry of default judgment. (Id., Ex. D.) On December 23, 2008, the Snyder County Prothonotary entered judgment against the plaintiff in the amount of $107,552.71, plus costs and interest from the date of the judgment.

On January 9, 2009, the bank filed a praecipe for writ of execution in the amount of $109,902.61. (Id., Ex. E.) The plaintiff was served with the writ of

---

[1] The plaintiff suggests that it is improper for the Court to consider matters outside of the pleadings on a motion to dismiss, but in providing the background to this action we may take notice of indisputably authentic official documents such as court records. More importantly, these seemingly undisputed facts do not bear directly on our recommendation that this case be dismissed because the amended complaint fails to set forth facts to show that the defendants can be considered state actors, and therefore the federal claims in this case have no legitimate basis.

execution. (Id., Ex. F.) On January 29, 2009, the bank put the plaintiff on notice that the Snyder County Sheriff intended to conduct a Sheriff's sale to sell the property that secured the bank's loan to the plaintiff. (Id., Ex. G.) On April 17, 2009, the Sheriff's sale was continued until July 24, 2009.

On July 17, 2009, however, the plaintiff filed a petition for relief pursuant to Chapter 13 of the United States Bankruptcy Code. (Id., Ex. H.) The plaintiff subsequently filed for Chapter 13 bankruptcy protection on July 15, 2010, and July 11, 2012. (Id., Exs. I and J.) None of the plaintiff's bankruptcies resulted in a discharge because each of the petitions was either dismissed or otherwise were withdrawn. However, throughout the bankruptcy proceedings, the automatic stay prevented the bank from taking action to have the property sold.

According to the plaintiff, during the pendency of one of his bankruptcy proceedings, in or around September 2012, his bankruptcy attorney contacted defendant J. Todd Troxell, a Senior Vice President of Lending and Loan Administration at the bank, in order to explore a potential private sale of the property to satisfy the judgment amount. (Am. Compl., ¶ 11.) The plaintiff alleges that Troxell demanded $175,000 as a payoff amount, even though this was far in excess of the bank's actual judgment amount. (Id.) When the plaintiff contacted Troxell directly, he was told that the bank would not accept a private sale. (Id., ¶ 12.)

4

Upon the dismissal of the plaintiff's third bankruptcy proceeding, on December 21, 2012, the bank filed a praecipe for reissue of writ of execution in the amount of $115,869.57.  (Doc. 15, Ex. K)  The plaintiff thereafter was served with notice of the bank's praecipe.  (Id., Ex. L.)   On December 21, 2012, the Snyder County Prothonotary's office reissued the writ of execution in the amount claimed.  (Id., Ex. M.)  On February 14, 2013, the bank filed an affidavit of service attesting that it provided the plaintiff with notice of an intended Sheriff's sale of the property scheduled to take place on March 22, 2013.  (Id., Ex. N.)  On February 15, 2013, the Snyder County Sheriff's Office filed a return certifying that the plaintiff had been served a copy of the reissued writ of execution.  (Id., Ex. O.)

On April 30, 2013, the Snyder County Sheriff filed a return to certify that a Sheriff's sale had been properly executed and that the property had been sold for $27,000.  (Id., Ex. Q.)  The plaintiff asserts that in holding the sale in this way, the bank and defendants "unilaterally increased the judgment, refused to accept a judgment pay-off, and caused the Sheriff of Snyder County to sell Plaintiff's home." (Am. Compl., ¶ 15.)

The plaintiff initiated this action by filing a complaint on August 29, 2013. (Doc. 1)  The bank moved to dismiss the complaint on October 7, 2013.  (Doc. 3)  On November 15, 2013, the plaintiff filed an amended complaint.  (Doc. 11)   On

5

December 10, 2013, the bank moved to dismiss and filed a brief in support.  (Docs.

15, 16)  After being granted additional time, the plaintiff filed a brief in opposition

to the motion on January 27, 2014.  The bank filed a reply brief on February 10, 2014.

The motion to dismiss the amended complaint is now ripe for disposition.

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a

complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief

can be granted.  The moving party bears the burden of showing that no claim has been

stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir.2005), and dismissal is

appropriate only if, accepting all of the facts alleged in the complaint as true, the

plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on

its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating "no

set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957) ).  The

facts alleged must be sufficient to "raise a right to relief above the speculative level."

Twombly, 550 U.S. 544, 555.  This requirement "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence" of necessary elements of

the plaintiff's cause of action.  Id. at 556.  Furthermore, in order to satisfy federal

pleading requirements, the plaintiff must "provide the grounds of his entitlement to

relief," which "requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action will not do." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 231 (3d Cir.2008) (brackets and quotations marks omitted) (quoting <u>Twombly</u>, 550 U.S. 544, 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir.2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." <u>Pension Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir.1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." <u>Pryor v. Nat'l Collegiate Athletic Ass'n</u>, 288 F.3d 548, 560 (3d Cir.2002); <u>see also</u> <u>U.S. Express Lines, Ltd. v. Higgins</u>, 281 F.3d 383, 388 (3d Cir. 2002) (holding that "[a]lthough a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment."). However, the court may not rely on other parts of the record in determining a motion to dismiss. <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir.1994).

## IV.   <u>DISCUSSION</u>

### A.   The Plaintiff's Claims Under 42 U.S.C. § 1983 Should Be Dismissed

Upon consideration of the plaintiff's claims, the factual allegations set forth in the amended complaint, and the arguments in the parties' briefs, we conclude that this action should be dismissed. We reach this conclusion not by embracing each of the defendants' substantive arguments regarding the plaintiff's various claims, but because the amended complaint does not set forth any plausible facts to show that the defendants can be considered "state actors", which is a factual predicate for the plaintiff's federal claims in this case.

The plaintiff has alleged that the bank and its employees violated his civil rights through their handling of the foreclosure proceedings. Specifically, the plaintiff claims that the bank's efforts to foreclose on his home violated his right to due process by depriving the plaintiff of a hearing to contest the bank's alleged unilateral adjustment of its judgment amount. The plaintiff endeavors to extend this claim to the bank itself by claiming that the bank maintained policies, practices and customs "exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights." (Am. Compl., ¶ 31.)

The plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983, which is the statutory vehicle for asserting constitutional claims.  This federal statute provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Under this statute, in order to maintain a claim, a plaintiff must plead two elements:  (1) deprivation of a constitutional right or violation of federal law, and (2) that the constitutional deprivation was caused by a person acting under the color of state law.  Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008); see also West v. Atkins, 487 U.S. 42, 47 (1988).  The requirement of state action is a "threshold issue" in cases brought under section 1983, Bailey v. Harleysville National Bank & Trust, 188 F. App'x 66, 67 (3d Cir. July 18, 2006), because "there is no liability under § 1983 for those not acting under color of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995).

A private party, such as the John Does and defendant Troxell, may be liable under section 1983 when the party deprives another person of a constitutional right while acting under color of law.  See Zebrowski v. Wells Fargo Bank, N.A., 657 F.

9

Supp. 2d 511, 520 (D.N.J. 2009) (citing <u>Mark v. Borough of Hatboro</u>, 51 F.3d 1137, 1141 (3d Cir. 1995).  The phrase "under color of law" used in section 1983 is parallel in meaning to "state action" as used in the Fourteenth Amendment.  <u>Mark</u>, 51 F.3d at 1141; <u>see also</u> <u>Bailey</u>, 188 F. App'x at 67 ("To show that the defendant acted under color of state law, a litigant must establish that the defendant is a 'state actor' under the Fourteenth Amendment.") (citing <u>Benn v. Universal Health System, Inc.</u>, 371 F.3d 165, 169 n.1 (3d Cir. 2004)).  Under this standard, the state must be "responsible" for the plaintiff's alleged constitutional injury.  <u>Id.</u> at 1141-1142.  Thus, a plaintiff must show that there is a "sufficiently close nexus between the State and the challenged action . . . so that the action . . . may be fairly treated as that of the State itself."  <u>Id.</u> at 1142 (quoting <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1004 (1982)).

The mere fact that a plaintiff alleges that a bank involves a sheriff in foreclosure proceedings brought under state law does not cause the bank and its employees to become state actors who may be sued under section 1983.  <u>Zebrowski</u>, 657 F. Supp. 2d at 520.  Likewise, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment."  <u>Bailey</u>, 188 F. App'x at 68 (quoting <u>Jackson v. Metro. Edison Co.</u>, 419 U.S. 345, 350 (1974)).  This reasoning has led courts to hold that banks will in most cases not be considered state actors, "despite [] extensive

regulation, even when their complained-of actions have been explicitly authorized by the state." Id.; see also Rhoads v. Maryland Judiciary, 2013 WL 5614267, – F. App'x – (3d Cir. Oct. 15, 2013) (citing Apao v. Bank of New York, 324 F. 3d 1091, 1095 (9th Cir. 2003)) (holding that a bank using non-judicial foreclosure procedure provided by state law was not a state actor for § 1983 purposes).

In this case, the plaintiff has used only the sparest, most conclusory allegations to allege that the bank and its employees are state actors. The plaintiff's bare assertions are unavailing, and courts have in numerous cases held that similar arguments in the foreclosure context, or against banks generally, have been inadequate to state a claim for relief under section 1983. See, e.g., Zebrowski, 657 F. Supp. 2d at 522 (dismissing federal claims on the pleadings, finding insufficient allegations to support a finding of state action, and finding that further amendment of the complaint would be futile); Nanya-Nashut ex rel., Hand v. Centex Home Equity Corp., No. Civ. A. 03-3661, 2003 WL 22871667, at *2 (E.D. Pa. Dec. 2, 2003); Nanya-Nashut ex rel. Hand v. BankOne, Nat'l Ass'n Tr., No. Civ. A. 03-4022, 2003 WL 22078022, at *3 (E.D. Pa. Sept. 9, 2003); Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F. Supp. 1122, 1125-31 (D. Del. 1988), aff'd, 877 F.2d 57 (3d Cir. 1989).

Moreover, the Third Circuit Court of Appeals has repeatedly found that constitutional claims brought against banks fail as a matter of law because banks and their employees do not qualify as state actors.  See Brookhart v. Rohr, 385 F. App'x 67, 68 (3d Cir. 2010) (dismissing appeal from order that dismissed allegations of unconstitutional conduct by private parties in state court foreclosure proceedings because the parties were not state actors); James v. Heritage Valley Fed. Credit Union, 197 F. App'x 102, 106 (3d Cir. 2006) (defendant credit union not a state actor for purposes of section 1983); Awala v. Wachovia Corp., 156 F. App'x 527, 528 (3d Cir. 2005) (bank held not to be a state actor merely because it operates within a regulated industry).

In a recent case, the United States Court of Appeals for the Seventh Circuit affirmed an order dismissing a plaintiff's complaint that alleged claims somewhat similar to those alleged in this case.  In Bond v. JPMorgan Chase Bank, N.A., 526 F. App'x 698 (7th Cir. 2013), the plaintiff, a squatter in a home subject to foreclosure proceedings, attempted to sue the foreclosing bank under section 1983 by alleging that the bank violated his constitutional rights when it refused to accept his offer to purchase the property.  The court of appeals observed that Bond's constitutional claim was "a nonstarter" because the bank was not a state actor and did not act under color of state law when it refused to accept his offer to purchase the property.  Id. at

700-01.  The result is no different in this case, where the plaintiff has failed to allege

plausible facts to show that Northumberland National Bank or its employees could

reasonably be considered to be state actors simply because they acted to foreclose on

the plaintiff's home in proceedings brought under state law or because they rebuffed

his efforts to purchase the property through a third party outside of the foreclosure

process.

Because the amended complaint fails to show that any of the defendants can

be considered state actors, the plaintiff has failed adequately to plead claims under

§ 1983.  The plaintiff's federal claims should be dismissed in their entirety.

### B.  The Court Should Decline to Exercise Supplemental Jurisdiction Over the Plaintiff's State-Law Claims

In addition to the federal claims discussed above, the plaintiff has also alleged

that the defendants violated Pennsylvania state law and procedure through their

conduct of the foreclosure proceedings, and by unilaterally adjusting the amount of

the judgment against the plaintiff.   The plaintiff generally asserts claims for

negligence, "abuse of process," and for violations of Pennsylvania's Unfair Trade

Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. §§ 201-1, et seq.

However, because the plaintiff has failed to state a claim for relief under federal law,

and because there is no federal claim remaining that would supply the Court with

original jurisdiction over this matter, the Court may only retain supplemental jurisdiction over the remaining state-law claims if "considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995); see also 28 U.S.C. § 1367(c) (providing that district courts may decline to exercise supplemental jurisdiction over state-law claims if, inter alia, "the district court has dismissed all claims over which it has original jurisdiction"); Jacobowitz v. M&T Mortg. Corp., 372 F. App'x 225, 229 (3d Cir. 2010) (finding district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the plaintiffs' state-law claims relating to foreclosure proceedings where the district court had dismissed all federal claims relating to the same proceedings).

In this case, there is no reason for the Court to retain jurisdiction over a matter of state law, which arose out of a foreclosure proceeding that was conducted under Pennsylvania state law.   There are no considerations of judicial economy, convenience or fairness to any party that would support retaining supplemental jurisdiction over the pendent state-law claims if the Court dismisses the plaintiff's section 1983 claims as recommended.  This is particularly true since this litigation has not proceeded in any significant way, there has been no answer to the amended

complaint, the parties have not undertaken significant discovery, and the Court has

had minimal involvement in the case thus far.

## V.   <u>RECOMMENDATION</u>

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED

THAT the defendants' motion to dismiss the amended complaint (Doc. 15) be

GRANTED as follows:

1.   The plaintiff's claims for alleged violations of federal law brought under 42 U.S.C. § 1983 should be DISMISSED.

2.   The Court should decline to exercise supplemental jurisdiction over the plaintiff's supplemental state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of April, 2014.

_**S/Martin C.  Carlson**_
Martin C. Carlson
United States Magistrate Judge